## LEVALLY v. HARMON'S ADMINISTRATOR.

*Appeal from Floyd District Court — Friday, May 8.*

ACCEPTANCE OF WORK DONE UNDER CONTRACT: EFFECT OF.

THIS cause was before this court on a former appeal (20 Iowa, 533). The action is founded upon the following instrument:

"WAVERLY, July 27, 1857.

"On or before the court-house in and for the county of Bremer, State of Iowa, is completed, I promise to pay to Beebe & Levally, or order, for the use of the county of Bremer, the sum of one thousand dollars, value received.

"W. P. HARMON."

The petition alleges the due transfer of this instrument to the plaintiff, and that the court-house therein mentioned "was fully completed on the 15th day of October, 1861, and was fully accepted on said day as completed by the board of supervisors of said county."

The answer denies the allegations of the petition in this respect. After the cause was remanded on the former appeal, it was tried by a jury and the plaintiff recovered. Defendant appeals.

*J. E. Burke* for the appellant — *B. W. Poor* for appellee.

DILLON, Ch. J. — As the court in this case has been unable to agree, and is equally divided, so that the judgment below stands affirmed by operation of law, it is proposed only to state the question prescribed by the record. On the trial the plaintiff offered in evidence the instrument upon which the action is based, and made proof of his title thereto. He also introduced in evidence the record of the proceedings of the board of supervisors of Bremer county, of a date anterior to the commencement of this action, showing that the contract for building the court-house had been modified; that the court-house was afterward, by a vote of the board "accepted from the said Levally as the property of the county," and payment made to him for the full amount due or

the original contract. Here the plaintiff rested. Defendant produced a witness, and propounded to him the question, whether the court-house was completed at the time this suit was brought? The plaintiff objected, for the reason, that the acceptance of the court-house by the county authorities was conclusive in the absence of fraud on the part of the agents of the county, and no fraud on their part was alleged or claimed. The court sustained the objection, and the defendant excepted.

Defendant then offered to prove by witnesses, that at the time this suit was brought, the court-house was not substantially completed. Plaintiff objected for the same reason, and, the objection being sustained, the defendant again excepted.

The rejection of this testimony is the error of which the appellant complains.

WRIGHT and BECK, J.J., are of opinion, that the record of the board of supervisors, which is not given in extenso in the statement, shows that the court-house was accepted by the board as a completed building, and that this action of the board — no fraud on its part being alleged or claimed — is conclusive on the defendant; and hence the court below did not err in excluding the proposed evidence.

COLE, J., and DILLON, Ch. J., are of the opinion, that, while the record of the board of supervisors did show, that the building had been accepted as a completed building, the defendant had the right to prove, notwithstanding the act of acceptance by the county authorities, that, in point of fact, the building had not been substantially completed; and hence the court below did err in not receiving the proposed testimony.

Affirmed.